IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARWIN JAY ROBINSON JR., | |
| Plaintiff, | 8:23CV333 |
| vs. | |
| DAKOTA COUNTY CORRECTIONS, Official Capacity; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's response, Filing No. 10, to the Court's Memorandum and Order dated October 3, 2023, Filing No. 9, requiring Plaintiff to show cause for his failure to pay his initial partial filing fee of $6.58 by the Court's September 1, 2023 deadline, *see* Filing No. 8. For the reasons that follow, the Court finds Plaintiff's response fails to establish good cause for his failure to pay his filing fee and, even if Plaintiff had shown good cause, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**I. RESPONSE TO SHOW CAUSE ORDER**

In his response, as the Court understands it, Plaintiff asserts that the clerk of the United States District Court for the Northern District of Iowa filed his case in that court by mistake, and Plaintiff does not have to pay any filing fees to this Court because the Northern District of Iowa clerk "said that [Plaintiff] didn't have to pay any filing fees of Nebraska because it was Northern Iowa District fault." Filing No. 10.

On August 1, 2023, this matter was transferred to this Court from the United States District Court for the Northern District of Iowa, where Plaintiff had initially filed it. *See* Filing No. 1-1 at 12 (envelope in which Plaintiff mailed complaint addressed to Northern

District of Iowa District Court).  In the order transferring the case, the Northern District of Iowa court directed their clerk to "file the complaint without the prepayment of fees and costs for the purpose of transferring the case, retain a copy of the file and send the entire file to the District of Nebraska."  Filing No. 2 at 2.  The entire file sent to this Court included Plaintiff's pending Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 1, which this Court granted on August 2, 2023, Filing No. 8.

As the record shows, the Northern District of Iowa did not file Plaintiff's case by mistake; rather, Plaintiff chose to file his case in the Northern District of Iowa and that court transferred the matter to this Court because venue is proper here.  Moreover, there is nothing in the record to indicate the Northern District of Iowa waived the Prison Litigation Reform Act's requirement that Plaintiff pay the full amount of the Court's $350.00 filing fee.  See 28 U.S.C. § 1915(b).  The Northern District of Iowa merely filed Plaintiff's Complaint in their Court without prepayment of fees for the purpose of transferring the matter to this Court and left the question of Plaintiff's authorization to proceed IFP and the collection of any filing fee payments to this Court.

Contrary to Plaintiff's assertions, the Court concludes he is not relieved from payment of the filing fee in this matter due to any action by the Northern District of Iowa court.  Thus, Plaintiff has failed to show good cause for his failure to pay his initial partial filing fee and this case is subject to dismissal.  However, even if Plaintiff had shown good cause for his failure to pay, the Court finds that dismissal is proper pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## II. STANDARD OF REVIEW UNDER 28 U.S.C. §§ 1915(e) AND 1915A

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  SUMMARY OF COMPLAINT

Plaintiff, a pretrial detainee, sues Dakota County Corrections for damages pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on June 17, 2023, he was not served breakfast "for no reason."  Filing No. 3 at 4.

### IV.  DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's section 1983 claims may not be asserted against Dakota County Corrections because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit."  *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); s*ee also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [but] are simply departments or subdivisions of the City government").

Even if the Court liberally construed Plaintiff's claim as one against Dakota County, Plaintiff has not alleged any facts to show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to

4

train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Thus, Plaintiff has not alleged a claim for relief against Dakota County.

Finally, even if Plaintiff had named a proper Defendant, the Complaint's allegations fail to state a claim for violation of his constitutional rights as a matter of law. Liberally construed, Plaintiff alleges a conditions-of-confinement claim under the Fourteenth Amendment. The Eighth Circuit has determined that a conditions-of-confinement claim brought by a pretrial detainee should be analyzed using an objective "punishment" standard, rather than a subjective "deliberate indifference" standard. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020). This is because the Supreme Court has held that the government may detain persons pending trial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979).

> The Court [in *Bell*] articulated two ways to determine whether conditions rise to the level of punishment. A plaintiff could show that the conditions were intentionally punitive. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. If conditions are found to be arbitrary or excessive, it is permissible to infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Stearns*, 957 F.3d at 907 (internal quotation marks and citations omitted). However, "[a] minimal deprivation does not violate the Constitution." *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989) (citing *Bell*, 441 U.S. at 539 n.21).

Here, Plaintiff alleges he was not provided breakfast on a single occasion. This lone deprivation under the circumstances alleged does not rise to the level of a

5

constitutional violation. *Smith v. Copeland*, 892 F. Supp. 1218, 1232 (E.D. Mo. 1995), *aff'd*, 87 F.3d 265 (8th Cir. 1996) (alleged deprivation of single meal while pretrial detainee was in solitary confinement was de minimis and did not rise to constitutional magnitude).

## V.  CONCLUSION

Plaintiff has not shown good cause for his failure to pay his initial partial filing fee as the transfer of this case from the United States District Court for the Northern District of Iowa did not relieve Plaintiff's obligation to pay the filing fee in this Court. Regardless, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A as the Complaint fails to state a claim upon which relief may be granted. The Court will dismiss the Complaint with prejudice as further amendment would be futile and Plaintiff's claim fails as a matter of law.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. Judgment will be entered by separate document.

Dated this 6th day of November, 2023.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge